UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JAMES E. ROSS,

Plaintiff,

v.

LANE COMMUNITY COLLEGE,

Defendant.

6:14-cv-1235-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

Pro se plaintiff, James Ross, instituted this action on January 22, 2014 in Nevada against Lane Community College. Upon seeking to proceed *in forma pauperis* (IFP), the Nevada District Court reviewed the complaint and found it deficient in that it failed to properly allege a violation of the Constitution, laws, or treaties of the United States and thus failed to plead jurisdiction.[1] Moreover, the court determined that plaintiff had not set forth

> any specific claims or facts. He simply declares that he is entitled to $13 million in damages because Lane Community College "attempted to have him arrested" prior to registration for classes. Because Plaintiff has not identified any claims he seeks to pursue or factual support for any claims, including the identity of those involved and the date upon which the alleged incident occurs, the complaint must be dismissed. The dismissal will be without prejudice to Plaintiff amending his complaint to

[1]The court also found insufficient pleading to support diversity jurisdiction.

> include specific claims for relief and sufficient factual allegations to support his claims.

Order dated January 28, 2014 (#2).

Plaintiff filed an amended complaint on January 30, 2014. The court again dismissed finding that:

> The amended complaint is a scant 5 sentences and indicates Plaintiff's desire to obtain his transcripts and $13 million dollars in damages from Lane Community College in Eugene, Oregon. Plaintiff claims that he was "a victim of harassment [] from the first day of registration [] until the last day of classes." There is no factual support for this conclusory allegation. He also claims that he was discriminated against. There is no factual support for this claim either. As before, Plaintiff has not specifically identified any claims or set forth factual support for any claims. The Court will grant Plaintiff another opportunity to amend his complaint to make specific claims and factual allegations.

Order dated February 11, 2014 (#9).

Plaintiff filed a second amended complaint on February 12, 2014, third amended complaint on February 14, 2014, and a "creative writing sample" on February 20, 2014. On February 25, 2014, the Nevada court ordered the creative writing sample stricken. On May 19, 2014, plaintiff submitted a fourth amended complaint. On July 31, 2014, the Nevada court transferred the action to this court because while it found the operative complaint to allege diversity jurisdiction, it failed to allege that Nevada had jurisdiction over Lane Community College or that venue in Nevada was inappropriate. Order dated July 31, 2014 (#29). The Nevada court declined to address the merits of the Fourth Amended Complaint and whether it properly alleged any claims under 42 U.S.C. § 1983.

The Nevada court's orders make clear that plaintiff has been advised of the necessity to provide a short and plain statement of the claim showing that he is entitled to relief and that he must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action.

The operative complaint alleges the following:

> On the morning of September 7, 2012, after 7 am, an agent of LCC followed me around and questioned me hostily (sic). The Sheriff's office responded to his call, the first day of registration for the fall quarter. The police investigation concluded that security officers did not have the right to block plaintiff's educational goals. In the town of Eugene, a very small portion of the population is African American is why plaintiff was greeted with great hostility. Plaintiff believes this is the reason why his harassment was condoned by school officialdom.
>
> They created an atmosphere of fear for the plaintiff by continued surveillance, and asked to do impossible tasks, and tried in school tribunals for violations that never occurred. LCC President Mary Spilde, is the chief agent for Lane Community College....
>
> ...
>
> The vetran's (sic) rep at PCC, refused to certify me for another term, without a transcript from Lane. This was part of the reason why I lost funding from VRAP and the Department of vetran's (sic) affairs.

Fourth Amended Complaint (#23) at p. 1. Plaintiff seeks, through this action, his transcript and $13,000,000. Specifically, plaintiff asserts:

> As an artist, the plaintiff will earn such compensation for his craft. Producing stories from life experienced and the power of the creative mind. Intellectual Property being delayed is the reason for the lawsuit.

Id. at p. 2.

Although it is possible to conceive an action under section 1983 for due process or equal protection violations,[2] the complaint fails to allege sufficient factual support to make such claims plausible. Indeed, plaintiff even fails to allege even any conclusory allegations of violation of any specific right including equal protection or due process. Moreover, there is no factual basis alleged connecting his purported right to some unidentified intellectual property to some lack of required process.

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) the deprivation of

---

[2]While a claim for a hostile environment is possible under Title IX in the education environment, e.g., Chancellor v. Pottsgrove Sch. Dist., 501 F.Supp.2d 695, 704 (E.D.Pa.2007), such claim cannot be premised on the basis of race. See 28 U.S.C. § 1681(a) (prohibits discrimination on the basis of sex only), See also Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173 (2005).

any rights, privileges, or immunities secured by the Constitution and laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). As noted above, it is possible to conceive a due process or equal protection violation is asserted, but such claims are not plausible.

To make out a substantive due process claim, plaintiff must demonstrate a violation of a liberty or property interest protected by the Due Process Clause. It is well-settled, however, that education is not among the rights afforded explicit protection under our Federal Constitution, and thus, the Fourteenth Amendment does not protect a public education as a substantive fundamental right. San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 35 (1973). Further, there appears to be no constitutionally protected right to a transcript. See Rafano v. Patchogue-Medford School Dist., 2009 WL 789440 at * 8 (E.D.N.Y. March 20, 2009) (no law supporting right to an accurate transcript). In addition, plaintiff fails to allege what process was given or denied that allegedly resulted in the denial of any property interest, protected or not, or how such failure of process resulted from a custom or policy of Lane Community College.

The Equal Protection Clause of the Fourteenth Amendment protects members of a suspect class from being treated differently than others similarly situated. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). Plaintiff fails to allege a sufficient factual basis demonstrating such treatment.

Moreover, section 1983 does not impose liability under a respondeat superior, Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978), but plaintiff only names Lane Community College as defendant and does not allege any deprivation as a result of the schools' custom or policy.

Plaintiff has been advised of the deficiencies regarding the factual basis needed to plead a cause of action twice and has had an opportunity to amend four times. It is clear that any further attempts at amendment would be futile. Accordingly, the complaint should now be dismissed without leave to amend.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 3 day of ~~July~~ August 2014.

THOMAS M. COFFIN
United States Magistrate Judge